ALEX G. TSE (CABN 152348)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

JOHN C. BOSTIC (CABN 264367)
Assistant United States Attorney

150 Almaden Boulevard, Suite 900
San Jose, California 95113
Telephone: (408) 535-5061
FAX: (408) 535-5066
john.bostic@usdoj.gov

Attorneys for United States of America

FILED

AUG 29 2018

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> DAVID PAUL MARTINEZ, <br> Defendant. | CASE NO. 17-CR-00257 LHK <br><br> JOINT STIPULATIONS AND WAIVERS FOR BENCH TRIAL |

The United States and Defendant David Paul Martinez hereby submit the following waivers and stipulations in anticipation of a bench trial scheduled for August 29, 2019, before this Court:

## I. INTRODUCTION

This trial concerns Defendant David Paul Martinez, who is charged with illegal firearm possession.

On May 9, 2017, a grand jury returned an Indictment charging Defendant with two counts of being a prohibited person in possession of firearms in violation of Title 18, United States Code, Section 922(g)(9). (Dkt. No. 1).

On May 23, 2018, Defendant filed a Motion to Suppress Statements and Evidence, arguing that

the Court should suppress, on Fourth Amendment grounds, the firearms he is charged with possessing as well as statements made to police on the day of his arrest. (Dkt. No. 16). The parties subsequently briefed the motion, and the Court heard oral argument on July 18, 2018. (Dkt. Nos. 17, 20, 21, & 23). On August 14, 2018, the Court issued an order denying Defendant's motion to suppress. (Dkt. No. 29).

The parties have agreed to proceed via stipulated facts bench trial on all counts in the Indictment, and enter these stipulations with the express understanding that Defendant objects to the Court's ruling on his Motion to Suppress and is not waiving his right to appeal the Court's order on his Motion to Suppress. The parties further agree that, by entering into these stipulations, Defendant is not rendering moot his right to appeal the denial of his Motion to Suppress. *See United States v. Larson*, 302 F.3d 1016, 1020 (9th Cir. 2002) (stating that appeal after a stipulated facts bench trial is not moot if the stipulations merely describe evidence the government intended to introduce at trial).

## II. WAIVER OF RIGHTS

1. Pursuant to Federal Rule of Criminal Procedure 23, Defendant David Paul Martinez waives his right to a jury trial, and the government consents to have the Court conduct the trial in this case.

2. Defendant waives his right to testify and to call any witnesses on his own behalf, and he submits the matter for decision by the Court based on the factual stipulations below. Defendant has consulted with his lawyer regarding this decision. Defendant has been informed of his right to have a trial by jury and his right to confront witnesses against him. It is Defendant's knowing intention to proceed to trial through this written statement of stipulated facts rather than calling and cross-examining witnesses.

3. The government agrees not to call witnesses, and to submit the matter for decision based on the factual stipulations below.

## III. ELEMENTS

The parties stipulate that the elements of the charged offense, being a prohibited person in possession of a firearm in violation of 18 U.S.C. § 922(g)(9), are as follows:

1. The defendant knowingly possessed a firearm;

2. The firearm had been shipped or transported from one state to another or between a foreign nation and the United States; and

3. At the time the defendant possessed the firearm, the defendant had been convicted of a misdemeanor crime of domestic violence.

## IV. FACTUAL STIPULATIONS

Defendant David Paul Martinez and the government, by and through counsel, hereby stipulate that, but for these stipulations, the government would have called witnesses and introduced documents to establish at least the following facts beyond a reasonable doubt. The following stipulations are subject to Defendant's objections regarding the admissibility of evidence that was the subject of his Motion to Suppress and that Defendant contends were obtained in violation of his Fourth Amendment rights (including the contents of his vehicle, the search of his residence, and the fruits of that evidence).

1. On January 23, 2017, Defendant was driving on Highway 156 in San Benito County when he was pulled over by a Sheriff's Deputy in a marked patrol vehicle for violations of the California Vehicle Code. Defendant was the driver and sole occupant of the vehicle.

2. During the traffic stop, the Deputy conducted a search of the passenger compartment of Defendant's vehicle. Upon lifting a tray in the center console between the two front seats of the vehicle, the Deputy discovered a loaded firearm, specifically, a Beretta, model 96, .40 caliber pistol bearing serial number BER104256.

3. Approximately one week later, on January 31, 2017, a judge for the Superior Court for the County of San Benito issued a warrant authorizing the search of Defendant's residence in Hollister, California.

4. On February 10, 2017, police executed the search warrant at Defendant's residence. During the search of the residence, police discovered several firearms, specifically, one Bushmaster, model AR-15, .223 caliber rifle bearing serial number L517356; one Winchester, model 37A, 20 gauge shotgun bearing serial number C774354; and one Winchester, model 290, .22 caliber rifle bearing an obliterated serial number.

5. The government's evidence at trial would establish that Defendant knowingly possessed

the firearms discovered in his vehicle on January 23, 2017, and in his residence on February 10, 2017.

6. Each of the firearms identified above had been shipped or transported from one state to another or between a foreign nation and the United States prior to their discovery in Defendant's vehicle or residence.

7. On or about May 22, 2012, Defendant was convicted of a misdemeanor crime of domestic violence, specifically, for battery of the cohabiting mother of Defendant's child in violation of California Penal Code Section 243(e)(1). Accordingly, at the time of the events described above, it was not lawful under Title 18, United States Code, Section 922(g)(9) for Defendant to possess any firearms.

**IT IS SO STIPULATED.**

DATED: 8/29/18

ALEX G. TSE
United States Attorney

_____
JOHN C. BOSTIC
Assistant United States Attorney

DATED: 8/24/18

_____
DAVID PAUL MARTINEZ
Defendant

DATED: 8/29/18

_____
VARELL L. FULLER
Attorney for the Defendant