UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

MARTINEZ,

Defendant.

Case No. 17-cr-00257-VC-1

**ORDER DENYING MOTION TO SUPPRESS**

Re: Dkt. Nos. 98, 99

Because Martinez consented to the search of his car, and the officers did not unconstitutionally prolong the preceding traffic stop, the motion to suppress is denied. This ruling assumes that the reader is familiar with the record and the arguments made by the parties.

I.

To establish the validity of consent to search, "the government bears the heavy burden of demonstrating that the consent was freely and voluntarily given." *United States v. Chan-Jimenez*, 125 F.3d 1324, 1327 (9th Cir. 1997). "Among the factors that tend to show a lack of voluntariness are: (1) the person was in custody; (2) the officer had his weapon drawn; (3) the officer failed to administer *Miranda* warnings; (4) the officer did not inform the person of his right to refuse to consent; and (5) the person was told that a search warrant could be obtained." *Id.* These factors, however, are not dispositive: "[w]hether consent to search was voluntarily given or not is 'to be determined from the totality of all the circumstances.'" *Id.* (quoting *Schneckloth v. Bustamonte*, 412 U.S. 218, 227 (1973)).

Although courts must account for "subtly coercive police questions" and the "substantial anxiety" that may come with a traffic stop, the video belies the argument that Martinez did not freely and voluntarily consent to the search. *Schneckloth*, 412 U.S. at 227. Deputy Creager did not ask to search the car; Martinez offered. The video shows both Deputy Creager and Martinez having a relatively casual conversation, Deputy Creager's questioning is not accusatory, there is no indication that the search was a foregone conclusion, and Martinez's offer regarding the search seems genuine.

Applying the *Chan-Jimenez* factors confirms this conclusion. Martinez was not in custody at the time of the stop, and no Miranda warnings were required. *United States v. Butler*, 249 F.3d 1094, 1098 (9th Cir. 2001) ("The case books are full of scenarios in which a person is detained by law enforcement officers, is not free to go, but is not 'in custody' for *Miranda* purposes. A traffic stop is not custody."). *See also Berkemer v. McCarty*, 468 U.S. 420, 436–42 (1984). The officers' weapons were not drawn, and Martinez was not told a search warrant could be obtained. Although the officers did not tell Martinez that consent could be refused, this factor is "inapposite" because Martinez offered his consent "without any prompting." *United States v. Brown*, 563 F.3d 410, 416 (9th Cir. 2009). Based on the totality of the circumstances, Martinez's consent was voluntarily given.

## II.

Martinez argues that any possible consent was tainted because the police unlawfully prolonged the traffic stop prior to the search. The "evidence derived from a consensual search is only admissible if 'the consent was both voluntary and not an exploitation of the prior illegality.'" *United States v. Washington*, 490 F.3d 765, 775 (9th Cir. 2007) (quoting Wayne R. LaFave, 4 *Search and Seizure* § 8.2(d)). Contrary to the government's argument, it is not outside

the scope of the Ninth Circuit's remand to consider the constitutionality of the preceding traffic stop.

During a lawful traffic stop, an officer "may conduct certain…checks" unrelated to the "traffic mission," but they "may not do so in a way that prolongs the stop, absent the reasonable suspicion ordinarily demanded to justify detaining an individual." *Rodriguez v. United States*, 575 U.S. 348, 355–56 (2015). Here, Martinez argues that the officers unlawfully prolonged the stop by asking dispatch for Martinez's probation status, patting him down, asking about the smell of marijuana, and asking if there was anything illegal in the car.

*Probation Status.* Inquiries into a driver's probation status go "beyond the 'ordinary inquiries incident to [a traffic] stop" because such inquiries are "wholly unrelated" to the officers' mission of "ensuring that vehicles on the road are operated safely and responsibly." *United States v. Ward*, No. 16-CR-00485-JST-1, 2017 WL 1549474, at *3 (N.D. Cal. May 1, 2017) (quoting *Rodriguez*, 575 U.S. at 355). But Deputy Creager asked dispatch about Martinez's probation status at the same moment that he asked about Martinez's driver's license "status" and any outstanding warrants. As such, the inquiry into Martinez's probation status did not unconstitutionally prolong the stop.

*Pat Down.* "To justify a patdown of the driver or a passenger during a traffic stop…the police must harbor reasonable suspicion that the person subjected to the frisk is armed and dangerous." *Arizona v. Johnson*, 555 U.S. 323, 327 (2009). The officers had that reasonable suspicion here.

Based on Deputy Creager's experience, drivers "often use paper plates" to conceal stolen cars. Dkt. No. 98-3 at 8. The tinted windows also posed a risk because Deputy Creager could not tell if "the person or person(s) inside of the vehicle [had] any weapons, dogs etc." *Id. See also,*

*e.g., United States v. Stanfield*, 109 F.3d 976, 981 (4th Cir. 1997) ("When, during already dangerous traffic stops, officers must approach vehicles whose occupants and interiors are blocked from view by tinted windows, the potential harm to which the officers are exposed increases exponentially…"). Although that safety risk was lessened when Martinez exited the car, the presence of the windows provided some support for the inference that Martinez was dangerous. When the officers spoke to Martinez, he told them it was not his car, but his girlfriend's. Martinez was also wearing a "Cincinnati Reds baseball hat with red letter 'C' and a red bill." Dkt. No. 98-3 at 7. Based on "hundreds of gang[-]related arrests and investigations," Deputy Creager knew this hat could show affiliation to the Norteno criminal street gang. *Id.* Finally, Martinez's "large, oversized and baggy sweatshirt…covered his waist band," and so Deputy Creager could not see if "he had any weapons on his person." *Id.* at 8. Based on the totality of these facts, the officers had reasonable suspicion that Martinez was armed and dangerous, justifying the pat down.

*Questions About Marijuana.* Martinez next argues that "the Fourth Amendment did not permit Deputy Creager…to consider the smell of marijuana, because the possession and transportation of personal use amounts of marijuana was not illegal under state law at the time of the stop." Because Deputy Creager could not "consider the smell of marijuana," Martinez argues, his questions about the smell unconstitutionally prolonged the stop.

Martinez takes this argument one step too far: it is true that, following California's Proposition 64, the smell of marijuana alone may not provide probable cause to search for violations of state marijuana laws. *See United States v. Martinez*, 811 F. App'x 396, 397 (9th Cir. 2020). That does not mean Deputy Creager was forbidden from even asking Martinez about the smell. California law still prohibits the use of marijuana while driving, and it also prohibits

driving with an "open container" of marijuana. *See* Cal. Health & Safety Code §§ 11362.3(a)(4), (a)(7).[1] After smelling the "strong" odor of marijuana, Deputy Creager was permitted to "conduct[] a further inquiry, including asking [Martinez] about the amount of marijuana, whether it was in a container, where it was located, when he last smoked, etc." *People v. Shumake*, 45 Cal. App. 5th Supp. 1, 8 (Cal. App. Dep't Super. Ct. 2019). These questions are "consistent with the type of reasonable inquiry officers use when they smell alcohol in a car." *Id.* And they are consistent with the officers' "mission" of ensuring that vehicles are operated safely and responsibly. *See Rodriguez*, 575 U.S. at 355. As such, Deputy Creager's questions about the smell did not unconstitutionally prolong the stop.

*Questions About Illegal Items in the Car.* Based on the factors above—including the possibility that the car was stolen, the tinted windows, and Martinez's hat—Deputy Creager's questions about whether there was anything illegal in the car were based on reasonable suspicion and did not unconstitutionally prolong the stop.

**IT IS SO ORDERED.**

Dated: October 5, 2022

VINCE CHHABRIA
United States District Judge

---

[1] Admittedly, in contrast to alcohol, it's not clear what it means to have an "open container" of marijuana, nor is it obvious that the distinction between an "open" and "closed" container makes sense in the context of marijuana.